IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| MOUNTAIN VALLEY PIPELINE, LLC, | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 7:19-cv-00078 |
| 1.89 ACRES OF LAND, OWNED BY BRIARWOOD DEVELOPMENT, LLC, and 0.29 ACRES OF LAND, OWNED BY BRIARWOOD DEVELOPMENT, LLC, | ) By: Elizabeth K. Dillon<br>) United States District Judge |
| Defendants. | ) |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Mountain Valley Pipeline (MVP) is constructing an interstate natural gas pipeline. MVP commenced a condemnation action under the Natural Gas Act, 15 U.S.C. § 717 *et seq.*, to acquire a permanent easement and temporary easements on numerous properties, including these two parcels of land located in Giles County, Virginia, and owned by Briarwood Development, LLC (Briarwood). On March 7, 2018, the court entered an order in the primary condemnation case, *Mountain Valley Pipeline LLC v. Easements to Construct*, Case No. 7:17-cv-492 (W.D. Va.) (Dkt. Nos. 518, 520), granting MVP immediate possession of the easements on this property. A trial on just compensation for the takings on the subject property is scheduled to begin on December 16, 2019.

Before the court are the following motions: (1) MVP's motion for summary judgment on the amount of just compensation; (2) MVP's motion in limine; and (3) MVP's motion to strike Briarwood's responses to MVP's motions for summary judgment and in limine. MVP is entitled to summary judgment because Briarwood did not come forward with any admissible evidence on the difference in the market value of its property before and after the taking. Therefore, and for the

reasons stated below, the court will grant MVP's motion for summary judgment and dismiss the other two motions as moot.

I. BACKGROUND

MVP condemned two tracts of land owned by Briarwood, identified as MVP Parcel Nos. VA-GI-200.015 and VA-GI-200.024. On October 13, 2017, the Federal Energy Regulatory Commission issued an order authorizing MVP to construct, maintain, and operate a natural gas pipeline along a route that includes this property. On October 24, 2017, MVP filed an action to condemn easements along the approved route on the property under Section 7 of the Natural Gas Act, 15 U.S.C. § 717 *et seq*. The easements include a permanent easement of 0.76 acres and 1.13 acres of temporary workspace on MVP Parcel No. VA-GI-200.015, and a temporary access easement of 0.29 acres on MVP Parcel No. VA-GI-200.024.

The Scheduling Order for this case was issued on February 6, 2019. (Case No. 7:17-cv-492, Dkt. No. 1169.) The order set a deadline of April 8, 2019, for the disclosure of non-appraisal experts and a deadline of July 19, 2019, for the disclosure of real estate appraisal testimony. MVP timely disclosed Jared L. Schweitzer and Joseph E. Thompson as its real estate appraisal experts. Schweitzer prepared appraisal reports for both parcels, and Thompson prepared an appraisal report for MVP Parcel No. VA-GI-200.015.

Briarwood did not disclose any experts. Briarwood's initial disclosures list various individuals as having information on value. However, Briarwood also stated that it had "not yet determined the amount it believes is just compensation for the taking of the properties." (*See* Dkt. No. 21-1.) In its interrogatory answers, Briarwood stated its intention to call an accountant, Brian D. Burns, as an expert witness to testify on alleged economic damages. Separately, MVP moved to exclude Burns as an expert witness. Briarwood did not oppose this motion, and the court granted

the motion to exclude Burns by oral order at the November 4, 2019 motions hearing. (Dkt. No. 20.)[1]

## II. ANALYSIS

**A. Standard of Review**

Summary judgment should be granted if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). A material fact is one that "might affect the outcome of the suit under the governing law." *Spriggs v. Diamond Auto Glass*, 242 F.3d 179, 183 (4th Cir. 2001) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). A dispute of material fact is "genuine" if sufficient evidence favoring the non-moving party exists for the trier of fact to return a verdict for that party. *Anderson*, 477 U.S. at 248–49.

The moving party bears the initial burden of showing the absence of a genuine dispute of material fact. *Celotex*, 477 U.S. at 323. Once the moving party makes this showing, however, the opposing party may not rest upon mere allegations or denials, but rather must, by affidavits or other means permitted by the Rule, set forth specific facts showing that there is a genuine issue for trial. *See* Fed. R. Civ. P. 56(c), 56(e). All inferences must be viewed in a light most favorable to the non-moving party, but the nonmovant "cannot create a genuine issue of material fact through mere speculation or the building of one inference upon another." *Beale v. Hardy*, 769 F.2d 213, 214 (4th Cir. 1985).

---

[1] In his report, Burns states that, for the period of July 31, 2016 (more than eight months before the date of the take), through August 1, 2021, Briarwood has suffered "lost profits" in the amount of $2,193,051. The lost profits are based on rental income from twelve new townhouses that Briarwood hoped to build on MVP Parcel No. VA-GI-200.015 and rental income from renovation of an existing quadraplex on the property. Burns' report states that it is "solely for the purpose of mediation settlement negotiations" and is "not intended for any other use." (Dkt. No. 9-6 at 4.) After MVP moved for summary judgment and to exclude Burns as an expert witness, Briarwood amended its interrogatory answers to state that Briarwood's disclosure of Burns as an expert witness was a mistake and that it had no intention of calling Burns as an expert. (Dkt. No. 14-1.)

Rule 56 applies in this case because the rule governing condemnation proceedings in federal court (Rule 71.1) has no provisions governing summary judgment. *See* Fed. R. Civ. P. 71.1(a); *United States v. Tree Removal Rights*, NO. 3:17-CV-128-DMB-RP, 2018 WL 6072008, at *1 (N.D. Miss. Nov. 19, 2018). Summary judgment is appropriately granted in a condemnation case when there is no genuine issue of material fact regarding the fair market value of the property to be taken. *See Tree Removal Rights*, 2018 WL 6072008, at *1; *Equitrans, L.P. v. 0.56 Acres*, No. 1:15-cv-106, 2016 WL 3982479, at *1 (W.D. W. Va. July 22, 2016) ("Several courts have granted summary judgment for plaintiffs in condemnation actions regarding the amount of just compensation owed where there was no genuine issue of material fact regarding the fair market value of the property to be taken.") (collecting cases).

**B. Just Compensation for Partial Permanent Takings, Including Severance Damages**

The Takings Clause of the Fifth Amendment prohibits the taking of private property without just compensation. *Lingle v. Chevron U.S.A., Inc.*, 544 U.S. 528, 536 (2005). When the government condemns private property for a public purpose, it must pay just compensation for that property. Just compensation is the monetary equivalent of the property taken, and the federal courts have employed the concept of "fair market value" to determine the condemnee's loss. *United States v. 564.54 Acres of Land*, 441 U.S. 506, 510–11 (1979); *Almota Farmers Elevator & Warehouse Co. v. United States*, 409 U.S. 470, 473–74 (1973).

Unless otherwise proscribed by Congress, federal law governs "questions of substantive right, such as the measure of compensation" for federal courts in condemnation proceedings. *United States v. Miller*, 317 U.S. 369, 379–80 (1942). *See also Tenn. Gas Pipeline Co. v. Permanent Easement for 1.7320 Acres*, No. 3:cv-11-028, 2014 WL 690700 (M.D. Pa. Feb. 24, 2014) (unpublished) (concluding that federal law applies in determinations of just compensation

under the Natural Gas Act). The Fourth Circuit defines just compensation in a case of partial taking as "the value of the land taken plus the depreciation in the market value of the remainder." *United States v. 97.19 Acres of Land*, 582 F.2d 878, 881 (4th Cir. 1978) (citing *W. Va. Pulp & Paper Co. v. United States*, 200 F.2d 100, 104 (4th Cir. 1952)). Moreover, "value [of the condemned land] is to be ascertained as of the date of taking." *Miller*, 317 U.S. at 374.

In *West Virginia Pulp and Paper*, the Fourth Circuit recognized the well-settled principle that "whenever there has been an actual physical taking of a part of a distinct tract of land, the compensation to be awarded includes not only the market value of that part of the tract appropriated, but the damage to the remainder resulting from that taking, embracing, of course, injury due to the use to which the part appropriated is to be devoted." 200 F.2d at 102. The court recognized that the landowner was damaged not only by the loss of the land, but also by the proposed use that caused depreciation to the remainder, and therefore was entitled to be awarded a sum that "would put it in as good position pecuniarily as it would have been if its property had not been taken." *Id.* at 103. The measure of this sum was "the value of the land taken plus the depreciation in the market value of the remainder due to the use made of the part taken." *Id.* at 104. *See also 97.19 Acres of Land*, 582 F.2d at 881 (citations omitted) (explaining that severance damages to the remainder, if any, are measured as "the difference in market value of the residue before and after the taking").

Finally, this case involves permanent and temporary takings. Just compensation for a temporary taking is limited to the market rental value of the property subject to the temporary taking. *See United States v. Banisadr Bldg. Joint Venture*, 65 F.3d 374, 378 (4th Cir. 1995).

### C. MVP Parcel No. VA-GI-200.015

This property is a single parcel containing 3.76 acres, improved by a quadraplex apartment building. Both of MVP's experts, Schweitzer and Thompson, agree that the existing use of the property as a rental property is its highest and best use. "Most parcels of land are adaptable to several uses, and just compensation is measured by the use that would bring the highest price—the 'highest and best' use. In the absence of proof to the contrary, the highest and best use of property is presumed to be its current use." *United States v. 69.1 Acres of Land*, 942 F.2d 290, 292 (4th Cir. 1991).

Of the two appraisals, Thompson's was higher, and MVP does not object to using the higher appraisal for this parcel. Using the sales comparison approach and the income capitalization approach, Thompson determined that the pre-take value of the property was $160,000. (Thompson Appraisal 51–52, Dkt. No. 9-4.) Using paired sales involving natural gas pipeline easements and comparable sales, Thompson determined that the post-take value of the property is $128,000. (*Id.* at 56–67.) Consequently, the value for the permanent taking (0.76 acres) is $32,000. Thompson further determined just compensation for the temporary easement (1.13 acres) to be $4,520, which is the rental value of the land subject to the easement for a five-year term. (*Id.* at 67–68.) Therefore, the total compensation determined by Thompson is $36,520.

### D. MVP Parcel No. VA-GI-200.024

This property is a single parcel containing five acres and is improved by a duplex apartment building. The existing use as a rental property is its highest and best use. MVP is taking a temporary access easement of 0.29 acres, which runs along an existing access easement used by the adjoining property owner. Schweitzer determined just compensation to be $950, which is the rental

6

value of the land subject to the easement for a five-year term. (Schweitzer Appraisal 63–64, Dkt. No. 9-3.)

**E. Briarwood's Response**

Briarwood's response to MVP's motion for summary judgment was untimely under the court's scheduling order and the local rules of this judicial district. MVP moved to strike Briarwood's response, and this court issued an order to show cause why the response should not be stricken. (*See* Dkt. Nos. 17, 18.) The court need not resolve this issue, however, because even if the response is considered, Briarwood has failed to create a genuine issue of material fact on the issue of just compensation.

Briarwood argues that the owners of the land, Shannon Lucas and Nathan Deplazes[2], can testify about the amount paid for the property and why it was purchased, the rental value of the property, the intended use of the property, and the impact of the easement on the property. Briarwood does not cite to any admissible evidence in the record, however, which is required to defeat a summary-judgment motion. *See* Fed. R. Civ. P. 56(c)(1)(A) (stating that a party "asserting that a fact cannot be or is genuinely disputed must support the assertion by . . . citing to particular parts of materials in the record, including depositions, documents, electronically-stored information, affidavits or declarations, stipulations . . ., admissions, interrogatory answers, or other materials"). The only disclosures regarding the testimony of Lucas and Deplazes are in Briarwood's interrogatory answers, which state that their testimony will "include details regarding the planned multi-family development and Briarwood's plans for the Briarwood Property, as well as expenses and fees incurred in connection with the development and this cause of action." (Dkt. No. 9-5 at 10.) Lucas and Deplazes were not disclosed as witnesses who would testify about the before and

---

[2] The court assumes they are members of the property owner, Briarwood Development, LLC.

after value of the property. Absent any indication that these witnesses will testify about market value, there is no basis to find that there is a genuine issue of material fact on the before and after value of Briarwood's property.

III. CONCLUSION

For the foregoing reasons, MVP's motion for summary judgment (Dkt. No. 8) is GRANTED, MVP's motion in limine (Dkt. No. 11) is DISMISSED as moot, and MVP's motion to strike (Dkt. No. 17) is DISMISSED as moot. The court will issue separate orders vesting title to easements on MVP Parcel Nos. VA-GI-200.015 and VA-GI-200.024.

Entered: December 2, 2019.

*/s/ Elizabeth K. Dillon*
Elizabeth K. Dillon
United States District Judge